Herzog v. German Nat. Life Ins. Co., 185 Ill. App. 614.

FRIEDMAN & ADER, for appellant; WILLIAM FRIEDMAN, of counsel.

HARRY P. SIMONTON, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

## Abstract of the Decision.

MANDAMUS, § 187*—*when appeal from order sustaining demurrer to petition will be dismissed.* On appeal from an order sustaining a demurrer to a petition for mandamus to compel a club, a corporation formed not for pecuniary profit, to restore petitioner to membership after he had been suspended, the appeal was dismissed for the reason that a copy of the record was not filed in the Appellate Court until after the period of suspension had expired.

## Emma J. Herzog, Appellee, v. German National Life Insurance Company, Appellant.

### Gen. No. 19,344.  (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed March 31, 1914.

## Statement of the Case.

Action by Emma J. Herzog against German National Life Insurance Company to recover on a policy of reinsurance issued upon the life of John A. Herzog, plaintiff, the wife of the insured, being named beneficiary therein. From a judgment in favor of plaintiff, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

SAMUEL SHAW PARKS, for appellant.

GEORGE A. McCORKLE, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

## Abstract of the Decision.

INSURANCE, § 706*—*when evidence sufficient to sustain recovery on policy of reinsurance.* In an action by a beneficiary on a life insurance policy where the facts showed that a policy had been issued by another company and that the defendant Company had taken over the business of the former company and reinsured its policy holders, and had issued the policy sued on, *held* that there was sufficient evidence to show that the policy upon which the judgment was based was in force as a reinsurance of the insured by the defendant in pursuance of its contract with the former company, and that a judgment in favor of plaintiff was sustained by the evidence.

---

## J. C. Shaffer & Company, Appellee, v. The Chicago, Rock Island and Pacific Railway Company, Appellant.

### Gen. No. 19,358.

CARRIERS, § 168*—*when limitation of liability in bill of lading governs as to measure of damages in interstate shipments.* Limitation in a bill of lading limiting the value of goods shipped in case of loss or damage to the value thereof at the place and time of shipment, *held* controlling as to the measure of damages for the negligence of a carrier in an interstate shipment coming within the provisions of section 20 of the Interstate Commerce Act as amended by the Carmack Amendment in 1906, where the shipper chooses to take the reduced rate provided in the uniform bill of lading.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.